BARHAM, Justice
(dissenting).
I respectfully dissent, being of the opinion that the record before this Court is sufficient for full review of the errors assigned by the defendant in brief. This case was docketed for two months in this Court before argument during which time the Court could have been cognizant of the lack of assignment of errors to the trial court. Moreover, it has now been held under advisement by this Court since argument for more than an additional two months. This Court had ample opportunity to permit the trial court to accept assignment of errors to cure the defect in the record. Failure to review at this time is the denial of defendant’s right to appeal. Defendant will certainly obtain an out-of-time appeal upon application for writ of habeas corpus. All of this will delay the appellate procedure and justice for an additional six months.
The Code provision for assignment of errors has been demonstrated to be unworkable when it requires that the assignment of errors be made to the trial court. It is this Court — the appellate court— which needs to know what error is assigned and where to locate the error in the transcript filed on appeal. So long as the provision provides that the trial court shall receive the assignment of error it behooves this Court in the interest of justice, in the exercise of its rule making power, all for the expeditious handling of criminal appeals, to require the trial court to complete the record even after the appeal is lodged when the sole omission is the assignment of errors to the trial court.
The majority opinion shows clearly that we know what error is complained of and where that error is to be found. We refuse appellate review in this case on a mere technicality.
I respectfully dissent from the refusal to give full appellate review. See my dissent in State v. Donnell, 318 So.2d 3 on the docket of this Court this day.